IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH T. BORNSTAD : | |
|    Administrator of the Estate : | |
|    of KEITH B. BORNSTAD, : | CIVIL ACTION |
|    Deceased : | |
| : | |
| v. : | |
| : | NO. 03-CV-3822 |
| HONEY BROOK TOWNSHIP, : | |
| ET AL. : | |

SURRICK, J.                                                                                                                          OCTOBER 13, 2005

**MEMORANDUM & ORDER**

Presently before the Court is Plaintiff's Motion For Reconsideration And Clarification (Doc. No. 104), Honey Brook Township Defendants' Memorandum of Law in Opposition to Plaintiff's Motion (Doc. No. 106), and Defendants' Response to Plaintiff's Motion (Doc. No. 107). For following reasons, the Plaintiff's Motion will be denied.

**I.   BACKGROUND**[1]

On September 9, 2005, the Court issued a Memorandum and Order addressing several outstanding motions in this matter (Doc. No. 103). Among the motions were Defendants West Brandywine Township, Sergeant John Coldren, Officer Denise Knoke, and Corporal Daniel Shappell's Motion For Summary Judgment (Doc. No. 42) and Defendants Honey Brook Township, Officer William Baxter, and Officer Michael Sasso's Motion for Summary Judgment (Doc. No. 43). Those motions were granted. In addition, we granted in part and denied in part Defendants' Joint Motion In Limine To Preclude Any Evidence From Plaintiff's Liability Expert,

---

[1] A detailed statement of the factual background in this case may be found in the Court's Court's Memorandum and Order of September 9, 2005 (Doc. No. 103).

R. Paul McCauley (Doc. No. 59), and dismissed as moot the following motions: (1) Defendants' Joint Motion In Limine To Preclude Reference to "Blue Wall" Or "Blue Line" (Doc. No. 68), (2) Defendants' Joint Motion In Limine To Preclude Reference To Any Meeting Of The Defendant Officers With Their Fraternal Order Of Policy Attorney As Having Been Improper (Doc. No. 69), and (3) Defendants Honey Brook Township, Officer William Baxter, and Officer Michael Sasso's Motion In Limine To Preclude Plaintiff From Presenting Any Evidence Of Events Involving William Baxter That Occurred Subsequent To The Bornstad Incident (Doc. No. 73) (collectively, "Motions In Limine").[2]

On September 19, 2005, Plaintiff filed his Motion For Reconsideration And Clarification, requesting the Court to reconsider its decisions regarding the aforementioned Motions In Limine.[3] (Doc. No. 104.)

## II.   LEGAL ANALYSIS

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Courts should grant these motions sparingly, reserving them for instances when (1) there has been an intervening change in controlling law, (2) new evidence has become available, or (3) there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Gen.*

---

[2] We mention only those motions referred to in Plaintiff's Motion For Reconsideration And Clarification.

[3] In the same Motion, Plaintiff also requests that the Court clarify its decision granting in part and denying in part the Motion In Limine regarding evidence from R. Paul McCauley. (Doc. No. 104 at 2-3). It is clear from the discussion in the Memorandum and Order of September 9, 2005 concerning McCauley's report which portions of the evidence offered by McCauley are precluded.

*Instrument Corp. v. Nu-Tek Elecs. & Mfg., Inc.*, 3 F. Supp. 2d 602, 606 (E.D. Pa. 1998), *aff'd*, 197 F.3d 83 (3d Cir. 1999).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Corneal v. Jackson Township*, 313 F. Supp. 2d 457, 472 (M.D. Pa. 2003) (internal citations omitted).

  Plaintiff has failed to demonstrate that any of the grounds for reconsideration are applicable in this case.  Indeed, Plaintiff does not specify upon which grounds he bases his Motion.  Instead, Plaintiff simply states that a review of the Court's decisions regarding the Motions In Limine would facilitate appellate review of the case and the conduct of the trial should the Court's Memorandum and Order of September 9, 2005 be reversed and remanded. (Doc. No. 104 at 4.)

  The Memorandum and Order of September 9, 2005, granted summary judgment to Defendant police officers based upon a thorough review of the record.  That review led to the conclusion that the police officers had acted reasonably under the circumstances, that excessive force was not used on Plaintiff, that there was no violation of the Fourth Amendment, and that in any event, the police officers were entitled to qualified immunity in that they acted reasonably and their conduct did not violate any clearly established right.  The Court ruled on the Motions In Limine to the extent necessary to address these issues.

  Plaintiff has offered no new evidence.  There has been no intervening change in the controlling law.  And there is no need to correct a clear error of law or to prevent manifest injustice.  Accordingly, Plaintiff's Motion will be denied.

  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH T. BORNSTAD | : | |
|    Administrator of the Estate | : | |
|    of KEITH B. BORNSTAD, | : | CIVIL ACTION |
|    Deceased | : | |
| | : | |
| v. | : | |
| | : | NO. 03-CV-3822 |
| HONEY BROOK TOWNSHIP, | : | |
| ET AL. | : | |

## **ORDER**

AND NOW, this 13th day of October, 2005, upon consideration of Plaintiff's Motion For Reconsideration And Clarification (Doc. No. 104, No. 03-cv-3822), and all papers filed in support thereof and in opposition thereto, it is ORDERED that the Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:


S:/R. Barclay Surrick, Judge